IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| AMBER PATTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:16-cv-00250 |
| | ) | |
| ROBERT WILKIE, | ) | By: Elizabeth K. Dillon |
| Acting Secretary of Veterans Affairs, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Amber Patton filed this action against the Secretary of Veterans Affairs (VA), alleging that the VA terminated her employment "solely by reason of her . . . disability," in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). The case is presently before the court on the VA's motion to bifurcate the liability and damages phases of the upcoming jury trial. Patton opposes the motion. For the reasons stated below, the VA's motion to bifurcate will be denied.

The pending motion is governed by Federal Rule of Civil Procedure 42(b), which permits the court to order a separate trial on one or more separate issues "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Under this rule, "the granting of separate trials is within the sound discretion of the trial judge." *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1953). However, separating issues for trial "is not to be routinely ordered." Fed. R. Civ. P. 42(b) advisory committee's note to 1966 amendment. Instead, "[e]ach case must be considered in light of its particular facts and circumstances." *Marryshow v. Town of*

*Bladensburg*, 139 F.R.D. 318, 319 (D. Md. 1991). Ultimately, the party requesting bifurcation "bears the burden of convincing the court that such an exercise of its discretion will (1) promote greater convenience to the parties, witnesses, jurors, and the court, (2) be conducive to expedition and economy, and (3) not result in undue prejudice to any party." *F&G Scrolling Mouse, LLC v. IBM Corp.*, 190 F.R.D. 385, 387 (M.D.N.C. 1999) (citations omitted).

Having considered the VA's arguments, the court concludes that the VA has failed to meet its burden of demonstrating that bifurcation is warranted in the instant case. In seeking to bifurcate the issues of liability and damages, the VA primarily focuses on the fact that a defense verdict during the liability phase would obviate the need to present expert testimony and other evidence on the issue of damages. As other district courts have recognized, however, "this 'potential time savings is true in all bifurcated cases' and does not, in itself, justify bifurcation" in a particular case. *Coryn Group II, LLC v. O.C. Seacrets, Inc.*, No. 1:09-cv-02764, 2011 U.S. Dist. LEXIS 132054, at *6 (D. Md. Nov. 16, 2011) (quoting *R.E. Linder Steel Erection Co., Inc. v. Wedemeyer, Cernik, Corrubia, Inc.*, 585 F. Supp. 1530, 1534 (D. Md. 1984)). Because the issues in this case are not especially complex, the court is unable to conclude that bifurcation would promote judicial economy or be of greater convenience to the parties, their witnesses, the court, or the jury. *See Hale v. Anton Paar USA,* No. 3:07-cv-00435, 2008 U.S. Dist. LEXIS 4011, at *19 (E.D. Va. Jan. 18, 2008) (finding bifurcation unwarranted in an employment discrimination action since the issues were not overly complex).

The court is also unable to find that bifurcation is necessary to avoid potential prejudice. For its part, the VA contends that bifurcation would "minimize prejudice to the Defendant of the jury hearing evidence of damages, including emotionally-charged evidence as to emotional distress or other compensatory damages, before it has determined liability." (Def.'s Br. 2, Dkt.

No. 97.)   The same concerns regarding potential prejudice are present in nearly every employment discrimination or personal injury case.   While such concerns are understandable, the court has no reason to believe that the jury will be unable or unwilling to follow the court's instructions and properly distinguish between the evidence relevant to liability and the evidence relevant to damages.   *See Topline Solutions, Inc. v. Sandler Sys., Inc.*, No. 1:09-cv-03102, 2015 U.S. Dist. LEXIS 91776, at *33 (D. Md. July 14, 2015) ("Juries are capable of distinguishing between liability evidence and damages evidence, and appropriate jury instructions may address concerns about improper use of evidence.   Indeed, the law presumes that juries will understand and follow instructions.") (citation and internal quotation marks omitted).

For the foregoing reasons, the court DENIES the VA's motion to bifurcate the liability and damages phases of the trial (Dkt. No. 96).

The clerk is directed to provide a copy of this memorandum opinion and order to all counsel of record.

Entered: March 30, 2018.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

3