IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| AMBER PATTON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:16-cv-00250 |
| ROBERT WILKIE, | ) By: Elizabeth K. Dillon |
| Acting Secretary of Veterans Affairs,[1] | ) United States District Judge |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Amber Patton filed this action against the Secretary of Veterans Affairs (VA), alleging that the VA terminated her employment "solely by reason of her . . . disability," in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). Both parties have moved in limine to exclude or limit certain evidence and testimony from the upcoming jury trial. The motions were argued before the court at a pretrial conference held on March 26, 2018.[2] For the reasons set forth below, the court denies in part and denies as moot in part the VA's motions, and denies in part, denies as moot in part, and takes under advisement in part Patton's motions. The court may, however, revisit any one of these rulings at trial, depending on the evidence elicited and the context in which the evidence is offered.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Robert Wilkie is automatically substituted for former Secretary of Veterans Affairs David J. Shulkin.

[2] During the pretrial conference, the court also heard argument on Patton's objections to the VA's exhibit list and the VA's objections to Patton's deposition designations. Any remaining objections that have not been resolved by agreement or addressed as part of the motions in limine will be taken up at the appropriate time during trial.

I. THE SECRETARY'S MOTIONS IN LIMINE

A. David Prewitt and Amanda Jones

The Secretary moves to exclude testimony from David Prewitt and Amanda Jones. Prewitt and Jones are former probationary employees of the VA who have some form of disability. They were terminated by the director of the VA's Roanoke regional office around the same time as Patton and for similar reasons related to their use of leave. The Secretary argues that the testimony of Prewitt and Jones is irrelevant to the issue of whether the VA terminated Patton on the basis of her disabilities, and that the probative value of their testimony is substantially outweighed by its prejudicial impact or potential for misleading the jury. In particular, the Secretary contends that the other employees' testimony regarding their own terminations will essentially result in "two collateral trials within this trial." Def.'s Br. 4, Dkt. No. 76.

In response, Patton argues that the proposed testimony of Prewitt and Jones is relevant based on the similarities of the circumstances surrounding their terminations, the timing of their terminations, and the fact that the same individual made the decision to terminate all three employees. Patton also indicates that Prewitt and Jones will corroborate her own testimony regarding the lack of notice or communication regarding the need to maintain a certain balance of accrued leave or the possibility that using accrued leave could serve as a basis for termination. Patton agrees that she will not question the other employees regarding any injury, emotional distress, or turmoil they may have experienced as a result of their own terminations.

In a recent unpublished opinion, the United States Court of Appeals for the Fourth Circuit reversed a district court's decision to exclude "other employee" evidence, finding that the district court "placed too much emphasis on its concern with 'mini-trials.'" *Calobrisi v. Booz Allen Hamilton, Inc.*, 660 F. App'x 207, 210 (4th Cir. 2016). The Fourth Circuit went on to explain that

"the testimony of other employees about their treatment by the defendant is [generally] relevant to the issue of the employer's discriminatory intent.'" *Id.* (quoting *Spulak v. K Mart Corp.*, 894 F.2d 1150, 1156 (10th Cir. 1990)). When determining the admissibility of such evidence, courts should consider "whether the other discriminatory behavior described 'is close in time to the events at issue in the case, whether the same decisionmakers were involved, whether the witness and the plaintiff were treated in a similar manner, and whether the witness and the plaintiff were otherwise similarly situated.'" *Id.* (quoting *Griffin v. Finkbeiner*, 689 F.3d 584, 599 (6th Cir. 2012)).

Applying these factors, the court concludes that the proposed testimony from Prewitt and Jones is relevant to Patton's claim of disability discrimination. Patton, Prewitt, and Jones were terminated during the same time period by the same individual under seemingly similar circumstances. While the VA's concerns regarding mini-trials within the trial are legitimate, the court is unable to conclude that the probative value of the other employees' testimony is substantially outweighed by a danger of confusing the issues, misleading the jury, or otherwise unfairly prejudicing the VA. Accordingly, at this stage of the proceedings, the court denies the VA's motion to exclude testimony from Prewitt and Jones. If it later becomes apparent that the other employees' testimony is irrelevant, confusing, or misleading, the issue can be revisited at that time.

**B. Subsequent Remedial Measures**

The VA moves to exclude any evidence of subsequent remedial measures to prove culpable conduct. In response, Patton indicates that she has no intention of introducing any evidence of subsequent remedial measures to prove culpable conduct and that such evidence will be offered, if at all, for the limited purposes permitted by Federal Rule of Evidence 407. *See, e.g.,*

3

*Richardson v. Boddie-Noell Enters., Inc.*, 78 F. App'x 883, 888 (4th Cir. 2003) ("Rule 407 explicitly endorses the admission of evidence of subsequent remedial measures for impeachment purposes."). Accordingly, the court denies as moot the VA's motion to exclude evidence of subsequent remedial measures to prove culpable conduct.

**C. Patton's Pregnancy**

The VA moves to exclude evidence or argument that the VA discriminated against Patton on the basis of her pregnancy. In response, Patton agrees that she will not argue or introduce evidence suggesting that her pregnancy constituted a disabling impairment or that the VA engaged in pregnancy discrimination. However, because the VA's own records refer to pregnancy-related appointments for which she requested leave, and since her pregnancy was a point of discussion by VA managers during the time period leading up to her termination, Patton contends that it would be impossible to avoid mentioning her pregnancy at trial.

In light of counsel's agreement that Patton will not argue or introduce evidence suggesting that she was disabled as a result of her pregnancy or the victim of pregnancy discrimination, the court denies as moot the VA's motion to exclude such evidence or argument. On the other hand, the court tends to agree with Patton that her pregnancy will necessarily and inevitably come up at trial. To the extent the VA's motion seeks to preclude any and all mention of her pregnancy, the motion is denied with the understanding that the court will issue an appropriate limiting instruction.

**D. Punitive Damages**

The VA moves to exclude any evidence or argument regarding punitive damages. In response, Patton concedes that punitive damages are not recoverable in private actions brought to enforce Section 504 of the Rehabilitation Act. *See Barnes v. Gorman*, 536 U.S. 181, 189 (2002).

4

Accordingly, the court denies as moot the VA's motion to exclude evidence or argument pertaining to punitive damages.

For these reasons, the court hereby DENIES IN PART AND DENIES AS MOOT IN PART the VA's motions in limine (Dkt No. 75).

## II. PATTON'S MOTIONS IN LIMINE

**A. Patton's Performance**

Patton moves to exclude any evidence or argument suggesting that her performance was not fully satisfactory or that it played a role in the decision to terminate her employment. Patton emphasizes that the director of the VA's Roanoke regional office testified that Patton was "fully successful in terms of production and quality" and that the discussion leading up to her termination instead "focused upon [her] pattern of leave usage." (Keith Wilson Dep. 31, Dkt. No. 65-7.) Patton also notes that her second performance review, which apparently contained less favorable comments, was prepared after the decision was made to terminate her employment.

In response, the VA acknowledges that Patton's performance was not the primary reason for her termination, and the VA confirms that it will not argue to the contrary. The VA also agrees that it will not seek to introduce any performance data or evaluations that postdated the decision to terminate Patton's employment. However, the VA maintains that Patton's performance was discussed during the meetings leadings up to the termination decision, and that testimony and other evidence pertaining to her performance is necessary to present a complete picture of the circumstances in existence at that time.

The court agrees with Patton that the existing record contains little, if any, evidence indicating that Patton's level of performance was a determining factor in the decision to terminate her employment. Nonetheless, the court will not preclude the VA from introducing testimony or

5

other evidence pertaining to Patton's performance during the time period leading up to the adverse employment decision. Accordingly, subject to the limitations agreed upon by the parties, the court denies Patton's motion to exclude evidence pertaining to her performance.

B. **Failure to Mitigate**

Patton moves to exclude any evidence or argument that she failed to mitigate her damages. In response, the VA indicates that it will abide by the court's previous ruling that it is barred from pursuing a mitigation defense. The court therefore denies as moot Patton's motion to exclude evidence or argument related to her alleged failure to mitigate her damages.

C. **Records or Data Pertaining to Leave Usage**

Patton moves to exclude any evidence related to her use of leave that was not actually available to or relied upon by her supervisors at the time the decision was made to terminate her employment. Patton cites several examples of evidence that she claims was not actually reviewed or considered by her supervisors, including a leave-use summary printed from the VA's time and attendance system, other charts or compilations detailing her use of leave, and emails involving her requests for leave.

In response, the VA argues that Patton's use of leave was a central factor in the decision to terminate her employment and thus that leave-related data and records are highly relevant. The VA acknowledges that it must lay a proper foundation before any data or records can be admitted into evidence. The VA maintains that it will be able to lay a proper foundation for the leave-use summary and the emails related to Patton's leave requests.

The court agrees with the VA that evidence related to Patton's use of leave is relevant to the issues presented. However, the court believes that the admissibility of the particular documents and records at issue can be better addressed at trial, when the court can resolve

questions of foundation, relevancy, and potential prejudice in the proper context. The court therefore takes under advisement Patton's motion to exclude leave-related evidence that was not actually available to or relied upon by her supervisors at the time of the adverse employment decision.

**D. Supervisors' Disabilities**

Patton moves to exclude evidence regarding the disabilities of certain supervisors, including the director of the VA's Roanoke regional office, arguing that such evidence is irrelevant and unduly prejudicial. In response, the VA acknowledges that there is no presumption that a member of a protected class would not discriminate against another protected class member. However, the VA notes that courts applying the same-actor inference in the context of other statutes prohibiting discrimination have held that the inference is enhanced when the actor involved in hiring and firing an employee is a member of the same protected class. *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 658 (5th Cir. 1996); *see also Coleman v. Loudon Cty. Sch. Bd.*, 294 F. App'x 778, 783 (4th Cir. 2008) (noting that "the same people who hired Coleman for the job, Britt and Hatrick, one of whom also is African-American, made the decision ultimately to terminate her, thus powerfully undercutting her claim of racial discrimination").

The court agrees with the VA that the fact that a decisionmaker is a member of the same protected class as the plaintiff may be relevant to the issue of discriminatory intent. At this time, however, the court is unable to determine the relevancy or prejudice of the anticipated testimony from Patton's supervisors regarding their own disabling impairments. The simple fact is that none of the supervisors were questioned regarding their particular impairments during their depositions. Additionally, for the reasons provided in the court's prior opinion on summary judgment, it is possible that the evidence at trial may not support the application of the same-actor

7

inference.  *See Patton v. Shulkin*, No. 7:16-cv-00250, 2018 U.S. Dist. LEXIS 41539, at *28 (W.D. Va. Mar. 14, 2018) (observing that "[t]he inference of nondiscrimination applies to claims of disability discrimination when 'the person responsible for terminating [an employee] . . . is the same person who hired [the employee] with *full knowledge of her disability*'") (emphasis added) (quoting *Tyndall v. Nat'l Educ. Ctrs., Inc.*, 31 F.3d 209, 212 (4th Cir. 1994)).  The court therefore takes under advisement Patton's motion to exclude evidence regarding her supervisors' disabilities.  Such evidence, if admitted, will be subject to an appropriate instruction.

For these reasons, the court DENIES IN PART, DENIES AS MOOT IN PART, and TAKES UNDER ADVISEMENT IN PART Patton's motions in limine (Dkt. No. 77).

The clerk is directed to provide a copy of this memorandum opinion and order to all counsel of record.

Entered: March 30, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge